UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 1:23-CR-26 |
| v. | |
| DONNA JEAN SCHUCKER, | Hon. JANE M. BECKERING |
| Defendant. | U.S. District Judge |
| _____/ | |

AMENDED PLEA AGREEMENT

This constitutes the amended plea agreement between Donna Jean Schucker and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>Plea to Superseding Information</u>. Defendant gives up the right to Indictment by a grand jury and agrees to plead guilty to the Superseding Felony Information charging Making a Materially False Statement, in violation of Title 18, United States Code, Section 1001(a)(2).

2. <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 18, United States Code, Section 1001(a)(2) as charged in the Information, the following must be true: (1) Defendant made a statement; (2) the statement was false; (3) the statement was material; (4) Defendant acted knowingly and willfully; and (5) the statement pertained to a matter within the jurisdiction of the executive branch of the United States Government and related to an offense under Chapter 109A of Title 18 of

the United States Code. Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. <u>Defendant Understands the Penalties</u>. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1001(a)(2), is the following:

| | |
|---|---|
| Imprisonment: | 8 Years |
| Fine: | $250,000 |
| Supervised Release: | 3 Years |
| Special Assessment: | $100 |

4. <u>Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation</u>. Defendant agrees to pay the $100 special assessment on the day of sentencing.

Within fourteen days of the execution of this plea agreement, Defendant agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information. Defendant authorizes the U.S. Attorney's Office to inspect and copy all financial documents and financial information held by the U.S. Probation Office, and acknowledges that the U.S. Attorney's Office may share any information collected pursuant to this agreement with the U.S. Probation Office or the Court. Defendant acknowledges any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately. Defendant acknowledges that any payment plan set by the Court for payment of

restitution or other criminal monetary penalties represents a minimum payment obligation and it does not preclude the United States from pursuing any other means under applicable federal or state law by which to satisfy Defendant's full and immediately enforceable financial obligation until the amounts are collected in full.

5. <u>Supervised Release Defined</u>. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if she violates one or more of the conditions of any supervised release imposed, she may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. <u>Factual Basis of Guilt</u>. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing: In June and July of 2022, Defendant engaged in a sexual relationship with an inmate at the Northlake Correctional Facility in Baldwin, Michigan, where she was employed as a case manager. She had intercourse with that inmate on multiple occasions. On September 7, 2022, Defendant was interviewed by special agents of the Department of Justice Office of Inspector General at the Northlake Correctional Facility. Investigators asked Defendant, "have you ever had sex with an inmate?" Defendant responded, "no." This was a lie, and Defendant knew it was a lie. Prior to speaking with investigators, Defendant was informed that lying to the investigators was a violation of federal law. Defendant's intentionally false statement was material to the DOJ's Office of Inspector General. At the time Defendant had sex with the inmate and during her

interview, the Northlake Correctional Facility was a federally-contracted facility, where Bureau of Prisons inmates were held. So, the United States had jurisdiction over matters occurring at the Northlake Correctional Facility.

7. <u>Dismissal of Other Counts/Charges</u>.  The U.S. Attorney's Office agrees to move to dismiss the underlying Indictment against Defendant at the time of sentencing.

8. <u>Acceptance of Responsibility</u>.  The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of her offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines.  However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1.  Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

9. <u>The Sentencing Guidelines</u>.  Defendant understands that, although the United States Sentencing Guidelines (Guidelines) are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed.  Defendant further understands that the Court shall make the final determination of the Guideline range that

applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

10.     <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

11.     <u>Defendant Agrees Not to Seek or Obtain Employment in a Correctional Institution.</u> Defendant agrees not to seek or obtain future employment in any facility that serves as a correctional institution, including any prisons, jails, halfway houses, or re-entry centers.

12.     <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a.     The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

      b.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

      c.    The right to confront and cross-examine witnesses against Defendant.

      d.    The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

      e.    The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

      f.    By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

13.    <u>Waiver of Other Rights</u>.

      a.    <u>Waiver</u>.  In exchange for the promises made by the government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

      b.    <u>Exceptions</u>.  Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

           i.    Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

      ii.    Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

      iii.    the guilty plea was involuntary or unknowing; or

      iv.    an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

14.    <u>FOIA Requests.</u>  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15.    <u>The Court is not a Party to this Agreement</u>.  Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw her guilty plea, and she will remain bound to fulfill all her obligations under this agreement.  Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

16. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state, or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

17. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up her right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

18. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

UNITED STATES v. DONNA JEAN SCHUCKER
1:23-CR-26
Amended Plea Agreement Signature Page

MARK A. TOTTEN
United States Attorney

12/14/23              *[signature]*
Date                                   DAVIN M. REUST
                                          Assistant United States Attorney

       I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

12/13/23             *[signature]*
Date                                   DONNA JEAN SCHUCKER
                                          Defendant

       I am Donna Jean Schucker's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

12/13/23             *[signature]*
Date                                   HELEN C. NIEUWENHUIS
                                         Attorney for Defendant